UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RICHARD M. GAALSWYK,   Case No. 10-CV-0411 (PJS/JSM)

   Plaintiff,

v.   ORDER

BEATRICE E. KING,

   Defendant.

---

   Richard M. Gaalswyk, plaintiff pro se.

   Judith M. O'Donohue, ELWOOD, O'DONOHUE, BRAUN & WHITE, LLP, for defendant.

   This matter is before the Court on the parties' objections to the August 2, 2011 Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron. Judge Mayeron recommends that the Court grant in part and deny in part the parties' cross-motions for summary judgment. Specifically, Judge Mayeron recommends that the Court: (1) grant defendant Beatrice King's motion with respect to plaintiff Richard Gaalswyk's claim for account stated; (2) deny King's motion in all other respects; (3) grant Gaalswyk's motion with respect to King's remaining counterclaims; (4) deny Gaalswyk's motion in all other respects. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the parties' objections and adopts the R&R.

   Three matters merit comment:

   *First*, the Court agrees with Judge Mayeron that Gaalswyk's claims (with the exception of account stated) depend on numerous factual disputes that must be resolved by a jury. The Court further agrees with Judge Mayeron that a resolution of Gaalswyk's claim for an attorney's

lien should await the outcome of trial. *See Johnson v. Blue Cross & Blue Shield of Minn.*, 329 N.W.2d 49, 53 (Minn. 1983) (stating that the attorney's-lien statute "does not create an agreement to pay attorney fees; it only imposes a lien to protect the attorney who already has such an agreement"). King's objection mainly concerns the application of Minnesota rather than Iowa law to these claims. Even if Iowa law applied, however, Gaalswyk's substantive claims — that is, all of his remaining claims save his claim for an attorney's lien — would have to be resolved by a jury. The Court will therefore defer a final determination as to choice of law until trial and will address Gaalswyk's claim for an attorney's lien if and when he succeeds in persuading the jury that he is entitled to recover on his substantive claims.

*Second*, as noted, Judge Mayeron recommends dismissing all of King's counterclaims. King objects to this recommendation only with respect to her restitution claim. But in her objection, King ignores her original theory of that claim — namely, that she paid Gaalswyk $20,000 under duress because Gaalswyk was withholding other money to which she was entitled. (It is not surprising that King ignores this theory, because, as Judge Mayeron explained, the undisputed evidence demonstrates that King received the other money *before* she paid Gaalswyk.) Instead, King concocts a new theory for why she is entitled to restitution — namely, that at the time she made the payment she gave notice to Gaalswyk that she was paying "under protest." But King did not plead this theory in her counterclaim. King did allude to this theory at oral argument before Judge Mayeron, but she did not refer to it in her summary-judgment briefing and thus Gaalswyk did not have a fair opportunity to respond to it. More importantly, King points to no evidence in the record that she notified Gaalswyk that she was paying the $20,000 under protest. The Court will therefore grant summary judgment on this claim.

*Finally*, the Court notes that it appears that King's counsel, Judith O'Donohue, may be a necessary witness at trial.  If either party is likely to call O'Donohue as a witness at trial, King must be prepared either to arrange for a different attorney to try her case or to explain to the Court why O'Donohue's continued representation is permissible under the applicable rules of professional conduct.  *See* Minn. R. Prof. Conduct 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ."); Iowa R. Prof. Conduct 32.3.7(a) (same).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the parties' objections [Docket Nos. 131, 135] and ADOPTS the R&R [Docket No. 128].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [Docket No. 52] is GRANTED IN PART and DENIED IN PART.

2. Defendant's motion is GRANTED with respect to Count VI (Account Stated) of plaintiff's complaint, and that claim is DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. Defendant's motion is DENIED in all other respects.

4. Plaintiff's motion for summary judgment [Docket No. 75] is GRANTED IN PART and DENIED IN PART.

5. Plaintiff's motion is GRANTED with respect to all of defendant's remaining counterclaims, and those counterclaims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

  6.  Plaintiff's motion is DENIED in all other respects.

Dated: September  14 , 2011    s/Patrick J. Schiltz
                  Patrick J. Schiltz
                  United States District Judge